UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMIE LAMONT HALL,

    Plaintiff,                           Hon. Ellen S. Carmody

v.                                                Case No. 1:16-cv-1474

BERRIEN COUNTY, et al.,

    Defendants.
_____/

## OPINION

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 33). The parties have consented to proceed in this Court for all further proceedings, including trial and an order of final judgment. 28 U.S.C. § 636(c)(1). By Order of Reference, the Honorable Janet T. Neff referred this case to the undersigned. For the reasons discussed herein, Defendants' motion is **granted** and this matter is **terminated**.

**I.**        **Background**

The following allegations are contained in Plaintiff's complaint. (ECF No. 1). On April 10, 2015, Plaintiff was driving his vehicle when he was stopped and detained by Berrien County Sheriff's Deputies Tim Dyer and John Doe. Deputies Dyer and/or Doe accused Plaintiff of being a drug dealer and possessing illegal drugs. The deputies, however, discovered no illegal drugs on Plaintiff's person or within his vehicle. Deputies Dyer and/or Doe had previously reported information which led to Plaintiff being falsely charged with criminal activity.

Plaintiff initiated this action on December 29, 2016, against Berrien County, the Berrien County Sheriff's Department, Berrien County Sheriff Paul Bailey, Deputy Dyer, and

Deputy Doe. Plaintiff alleges that his Fourth and Fourteenth Amendment rights were violated. Plaintiff also alleges several state law causes of action: false imprisonment, malicious prosecution, and intentional infliction of emotional distress. Defendants now move for summary judgment. Plaintiff has failed to respond to Defendants' motion.

**II.         Summary Judgment Standard**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

**III.      John Doe**

As noted above, Plaintiff has asserted this action against an unidentified John Doe described by Plaintiff as the Deputy Sheriff accompanying Deputy Sheriff Tim Dyer on patrol on April 10, 2015. Defendants have submitted evidence that the Deputy Sheriff in question is Richard Johnson. (ECF No. 34, Exhibits 1-2, 5). Deputy Johnson has appeared in this matter and joined the present motion for summary judgment. Plaintiff has failed to respond to the present motion and, therefore, has presented no evidence on the question of John Doe's identity. Defendants' unrefuted evidence is persuasive. Accordingly, the Court will proceed, substituting Deputy Sheriff Richard Johnson for John Doe.

**IV.      Fourth and Fourteenth Amendment – Defendants Bailey, Dyer, and Johnson**

There is no dispute that Plaintiff was arrested on the night in question. Plaintiff alleges that his Fourth Amendment rights were violated because he was arrested "without probable cause. . .in reckless disregard of exculpatory facts and circumstances."

Plaintiff's claim that his arrest was unlawful is governed by the Fourth Amendment. *See Manuel v. City of Joliet, Ill.*, 137 S.Ct. 911, 917 (2017) (recognizing that a seizure satisfies the Fourth Amendment if it is "based on probable cause to believe that the individual has committed a crime"). Defendants have submitted evidence that on the night in question, Deputies Dyer and Johnson were on patrol together when they encountered a vehicle being operated without a current registration. (ECF No. 34, Exhibits 1-5). Deputy Dyer effected a traffic stop on the vehicle and made contact with the driver who produced a Michigan identification card, rather than a driver's license, identifying himself as Jamie Lamont Hall, the plaintiff in this action. (ECF No. 34, Exhibits 1-5). Further investigation by Dyer revealed that Plaintiff's "motor vehicle operator's

4

license was currently suspended" and, moreover, that there were presently "five (5) outstanding warrants for the arrest of Jamie Lamont Hall." (ECF No. 34, Exhibits 1-5). Accordingly, Plaintiff was arrested and was subsequently convicted of operating a motor vehicle with a suspended license. (ECF No. 34, Exhibits 1-5, 7).

Defendants have presented evidence establishing that there existed probable cause to arrest Plaintiff for operating a motor vehicle without a valid license, not to mention probable cause to arrest Plaintiff on the five outstanding arrest warrants. *See United States v. McClain*, 444 F.3d 556, 562-63 (6th Cir. 2005) (probable cause is defined as "reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion" that a crime has been committed). Plaintiff has failed to introduce evidence to the contrary. Accordingly, Defendants Bailey, Dyer, and Johnson are entitled to summary judgment as to Plaintiff's Fourth Amendment claims.

Plaintiff's Fourteenth Amendment claim fares no better. As courts have long recognized, "the Due Process Clause of the Fourteenth Amendment does not require any additional procedures beyond those mandated by the Fourth Amendment." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 313 (6th Cir. 2005). Thus, where challenged conduct satisfies the Fourth Amendment, such conduct cannot, as a matter of law, be found to violate the Fourteenth Amendment. *Ibid.* Accordingly, Defendants Bailey, Dyer, and Johnson are entitled to summary judgment as to Plaintiff's Fourteenth Amendment claims.

V.        **Municipal Liability – Berrien County Defendants**

Plaintiff alleges that Defendants Berrien County and the Berrien County Sheriff's Department violated his Fourth and Fourteenth Amendment rights because they failed to properly

train and supervise Defendants Dyer and Jonson. A municipality or other entity of local government may be held liable under § 1983 if "the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011). Governmental entities, however, "are not vicariously liable under § 1983 for their employees' actions," but instead can only be held liable for "their own illegal acts." *Id.* To impose liability on a governmental entity, the plaintiff "must prove that action pursuant to official municipal policy caused their injury." *Id.* at 60-61. In this context, official municipal policy "includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.* at 61.

To prevail on his failure to train claims, Plaintiff must establish that (1) Defendants were deliberately indifferent to the need to train Defendants Dyer and Johnson and (2) the lack of training caused Plaintiff to suffer a violation of his rights. *Id.* at 60. To prevail on his failure to supervise claims, Plaintiff "must show that the city acted with 'deliberate indifference' to the risk of [the constitutional violation] and that its deliberate indifference was the 'moving force' behind the [constitutional violation]." *Amerson v. Waterford Twp.*, 562 Fed. Appx. 484, 492 (6th Cir., Apr. 15, 2014). Despite having been afforded ample time to conduct discovery, Plaintiff has failed to present any evidence which would support these claims. Accordingly, Defendants are entitled to summary judgment as to Plaintiff's municipal liability claims.

**VI.**     **False Imprisonment**

Plaintiff alleges that Defendants Berrien County and Berrien County Sheriff's Department committed the tort of false imprisonment when Defendants Dyer and Johnson arrested

6

Plaintiff without probable cause. Under Michigan law, the elements of false imprisonment are: (1) an act committed with the intention of confining another; (2) the act directly or indirectly results in such confinement; and (3) the person confined is conscious of his confinement. *Moore v. City of Detroit*, 652 N.W.2d 688, 691 (Mich. Ct. App. 2002). The "essence of a claim of false imprisonment is that the imprisonment is false, i.e., without right or authority to do so." *Ibid.* As previously discussed, however, Defendants Dyer and Johnson lawfully arrested Plaintiff. Accordingly, Defendants are entitled to summary judgment on this claim.

**VII.     Malicious Prosecution**

Plaintiff alleges that Defendants Berrien County and Berrien County Sheriff's Department committed the tort of malicious prosecution by "instigating, initiating, or continuing prosecution on false allegations that Plaintiff had possessed, delivered, or manufactured cocaine." To establish malicious prosecution, Plaintiff must establish the following elements: (1) a criminal prosecution was initiated against Plaintiff and Defendants made, influenced, or participated in the decision to prosecute; (2) there was no probable cause for the criminal prosecution; (3) as a consequence of the legal proceeding, Plaintiff suffered a deprivation of liberty apart from the initial seizure; and (4) the criminal proceeding was resolved in Plaintiff's favor. *See Johnson v. Moseley*, 790 F.3d 649, 654 (6th Cir. 2015). Moreover, Plaintiff must demonstrate that Defendants acted with "some kind of blameworthiness, something beyond mere negligence or innocent mistake." *Id.* at 655. Plaintiff has failed to present evidence which would enable him to prevail on these claims. Accordingly, Defendants are entitled to summary judgment as to Plaintiff's malicious prosecution claims.

**VIII.        Intentional Infliction of Emotional Distress**

Plaintiff alleges that Defendants Berrien County and Berrien County Sheriff's Department "through the acts and omissions of agents and/or employees of the Defendants subjected Plaintiff to intentional infliction of emotional distress."

To prevail on a claim of Intentional Infliction of Emotional Distress (IIED), Plaintiff must establish the following elements: (1) defendant's extreme and outrageous conduct; (2) defendant's intent or recklessness; (3) causation; and (4) the severe emotional distress of the plaintiff.  *Ghannam v. Weiss*, 2013 WL 3025143 at *1 (Mich. Ct. App., June 18, 2013).  In the context of an IIED claim, "extreme and outrageous conduct" has been defined as conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  *Yost v. Paychex, Inc.*, 1998 WL 1989811 at *16 (Mich. Ct. App., Sept. 29, 1998).

As discussed above, the unrefuted evidence establishes that Plaintiff was properly arrested for committing a crime for which he was subsequently convicted.  Plaintiff's arrest was also proper in light of the fact that there existed five outstanding warrants for his arrest.  Plaintiff has failed to present any evidence that would satisfy any of the elements of this tort.  Accordingly, Defendants are entitled to summary judgment on these claims.

## **CONCLUSION**

For the reasons articulated herein, Defendants' Motion for Summary Judgment, (ECF No. 33), is **granted** and this matter is **terminated**. An Order consistent with this Opinion will enter.

Date: July 13, 2018                                                   /s/ Ellen S. Carmody
                                                                                              ELLEN S. CARMODY
                                                                                              United States Magistrate Judge